**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY,
UNIQUE HOME DESIGNS, INC.,

    Plaintiffs,

v.

NGL WAREHOUSE, LLC,

    Defendants.

---

**ORDER ON DEFENDANTS NGL WAREHOUSE, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

---

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Defendant NGL Warehouse, LLC's Unopposed Motion for Leave to File Third-Party Complaint Pursuant to Fed. R. Civ. P. 14(a) [#23] ("Motion"). Pursuant to the Order Referring Case [#11] dated December 17, 2014, the Reassignment dated February 10, 2015, and the Memorandum [#24] dated March 24, 2015, the Motion is before this Magistrate Judge. For the reasons set forth below, the Motion is GRANTED, and the proposed third-party complaint accompanying the Motion [#23-1] is deemed filed as of May 12, 2015.

    A defendant may file a third-party complaint where a third-party defendant "is or may be liable to it for all or part of the claim against it" Fed.R.Civ.P. 14(a)(1). A claim under Fed.R.Civ.P. 14(a) must depend in part on the resolution of the primary lawsuit. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). However, Rule 14(a) "does not require

identity between the primary and third-party claims." *Maxfour Eng'rs & Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D.Colo.2006). Further, "[t]he fact that the third-party defendant is not subject to the primary claims asserted by the plaintiff is no obstacle to third-party practice." *Id.* (citations omitted).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen*, 646 F.Supp. 427, 429 (D.Colo.1986). "Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed." *U.S. Fidelity & Guar. Co.*, 388 F.2d at 773 (internal quotation and citation omitted). A "timely motion for leave to implead a third party should be freely granted unless doing so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *American Intern. Ins. Co. v. Central Sprinkler Co.*, Civil Action No. 09–cv–02098–PAB–KMT, 2012 WL 1413106, at *1 (D. Colo. March 31, 2010) (citation and quotation omitted).

The Court finds that the filing of Defendant's third-party complaint against Averitt Express, Inc. will not "prejudice the plaintiff, unduly complicate the trial, or ... foster an obviously unmeritorious claim." *American Intern. Ins. Co.*, 2012 WL 1413106, at *1. Accordingly, the Motion is GRANTED, and the proposed third-party complaint accompanying the Motion [#23-1] is deemed filed as of May 12, 2015.

DATED May 12, 2015                               BY THE COURT:


                                                 *s/* Nina Y. Wang_____
                                                 United States Magistrate Judge