**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. ~~20~~14-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

   Plaintiffs,

v.

NGL WAREHOUSE, LLC,

   Defendant.

**STIPULATED PROTECTIVE ORDER REGARDING DEPOSITIONS AND DOCUMENTS DESIGNATED AS CONFIDENTIAL**

  Plaintiffs and NGL Warehouse, LLC ("NGL"), by and through their respective attorneys of record, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

  The discovery sought from Ricardo Solis, Oscar Salinas, and Desi DeLeon (collectively, "Deponents") in *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC*, Civil Action No. 2014-cv-3233-PAB-NYW, pending before the United States District Court for the District of Colorado (the "Colorado Lawsuit") is likely to involve witness testimony that contains business, competitive, proprietary, trade secret, or other information of a sensitive nature, hereafter referred to as "Confidential Information." The parties to the Colorado Lawsuit are hereinafter referred to as the "Colorado Parties." Accordingly, the Court enters this Protective Order to govern testimony and documents that contain Confidential Information.

Designation of Confidential Information

1. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential if they contain Confidential Information. A Deponent claiming that a deposition or any portion thereof is Confidential shall give notice of such claim to the Colorado Parties either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. Placement of the "Confidential" designation on each protected page of the transcript shall constitute notice and shall designate the information contained therein as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Protective Order.

2. *Designation of Written Materials.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" Designation on each protected page or on the initial page of the protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order. The provisions of this Order shall also apply to all documents produced prior to the date that this Order is entered by the Court, which were marked as "Confidential" prior to their production.

3. *Modification of Designation.* The designation of Confidential Information by a Deponent shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

  (a)  The Deponent or counsel therefor may agree in writing to downgrade or eliminate the Confidential designation concerning any testimony.

  (b)  If the designating Deponent and the Colorado Parties cannot agree as to the designation of any particular information or material after good faith discussion, a Colorado Party may move this Court to downgrade or eliminate the Confidential designation. The burden of proving that the information has been properly designated as protected shall be on the Deponent who made the original designation.

### Access to Confidential Information

4. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, the Colorado Parties may only reveal Confidential Information as follows:

  (a)  To outside counsel for a Colorado Party (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record in the Colorado Lawsuit must first deliver to counsel of record for Deponents an email confirming review of and agreement to be bound by the provisions of this Order and Exhibit A hereto.

  (b)  To the Colorado Parties after they have been given a copy of this Protective Order by their outside counsel and deliver to counsel of record for Deponents an email confirming review of and agreement to be bound by the provisions of this Order and Exhibit A.

  (c)  To court reporters or videographers transcribing or recording a deposition, hearing, or other proceeding in this matter who deliver to counsel of record for

Deponents an email confirming review of and agreement to be bound by the provisions of this Order and Exhibit A (excluding court-appointed court reporters or videographers).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a Colorado Party and who is retained by a Colorado Party or its outside counsel in good faith for the purpose of assisting in this litigation) who deliver to counsel of record for Deponents an email confirming review of and agreement to be bound by the provisions of this Order and Exhibit A.

5. *No Copies/Notes.* Except for use by counsel for Deponents or the Colorado Parties (including dissemination to expert witnesses as set forth in paragraph 4), for court and deposition copies, for use as exhibits to motions or responses filed with a court, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

6. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move this Court to permit the disclosure and must obtain an order of this Court before disclosing the information.

<u>Use of Confidential Information</u>

7. *Use in the Colorado Lawsuit Only.* Confidential Information may be used only for purposes of the Colorado Lawsuit. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

8. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the Deponent shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Protective Order to receive the Confidential Information.

9. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives three days' notice to counsel for Deponents. Any party may move a court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

10. *Filing Under Seal.* Each document filed in the Colorado Lawsuit that contains any Confidential Information shall be filed <u>pursuant to D.C.COLO.LCivR 7.2. Nothing in this Order shall be construed as an order restricting any document or information.</u>

11. *Reasonable Precautions.* Counsel for each Colorado Party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12. *Order Shall Remain Binding.* This Order shall continue to be binding throughout and after the conclusion of trial, including any appeal thereof.

13. *Modification of this Order.* The terms of this Order may only be modified by further order of this Court.


14. *Return and/or Destroy After Litigation.* Within ninety days of the passing of the deadline to appeal the Colorado Lawsuit, or termination of any appeal of the Colorado Lawsuit, or sooner if so ordered by this Court, counsel for each Colorado Party shall destroy or return to counsel for Movants all items constituting, containing, or reflecting Confidential Information, save for attorney's notes, which counsel agree to destroy within 180 days of final termination of this litigation.

## Other Provisions

15. *Not an Admission.* Nothing in this Protective Order shall constitute an admission by the Colorado Parties that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude a party or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

16. *Miscellaneous.* This Protective Order may be used to protect the confidentiality of the residential addresses and social security numbers of the Deponents.

DATED: February 24, 2016        BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 2014-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

        Plaintiffs,

v.

NGL WAREHOUSE, LLC,

        Defendant.

---

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION**
**COVERED BY THE PROTECTIVE ORDER**

        I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Protective Order entered in the above-entitled case.

        Having read the Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Protective Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Protective Order to view Confidential Information.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2016.

                                        _____
                                        Name

                                        _____
                                        Address

                                        _____
                                        Employer

                                        _____
                                        Job Title