IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

    Plaintiffs,

v.

NGL WAREHOUSE, LLC,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Denying Motion for Summary Judgment on Contractual Indemnity Claim [Docket No. 142]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). It is, however, within the Court's discretion to reconsider its rulings. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). When doing so, the Court considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Vigil v. Colorado Dep't. of Corrections*, No. 09-cv-01676-PAB-KLM, 2011 WL

1518660, at *1 (D. Colo. Apr. 20, 2011); *cf. Servants of the Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted).

On September 21, 2016, the Court denied plaintiffs' Motion for Summary Judgment Re: Contractual Indemnity Claim. Docket No. 140. Plaintiffs sought summary judgment for breach of the indemnity provisions contained in the Warehouse Agreement that Unique Home Designs, Inc. ("Unique") and NGL Warehouse, LLC ("NGL") signed. Plaintiffs argued in their motion that "NGL's admissions that its failure to comply with Unique's SOPs (regarding the failure to properly palletize the doors) was the cause of the Valdez accident are legally and factually dispositive in this *contractually* based claim for indemnity." Docket No. 74 at 18 (emphasis in original) (citations omitted). The Court found that defendant's failure to follow the standard operating procedures ("SOPS") did not necessarily constitute a violation of the undefined "standard of care" referenced in Section 3.17 of the Warehouse Agreement or necessarily constitute negligence under Section 12.01 of the Warehouse Agreement. Docket No. 140 at 13-14; *see also* Docket No. 105-1 at 8.

In requesting reconsideration, plaintiffs rely on NGL's response to plaintiffs' interrogatories that the August 2012 SOPS were an "operating procedure" that "applied to the packaging of the subject doors" as an admission that the SOPS defined the standard of care. Docket No. 74-2 at 6. Plaintiffs further rely on NGL's statement in its response brief that "NGL understood that [Unique] expected its doors to be packaged in

accordance with the SOPs."[1]  Docket No. 144 at 4.  Plaintiffs claim that this statement and Section 4.05 of the Warehouse Agreement, which incorporates the then-current SOPS by reference, show that the SOPS were a "covenant" under the Warehouse Agreement such that a breach of the SOPS triggered indemnification.  Docket No. 148 at 2-4.[2]  Plaintiffs argue that "the Court simply overlooked Defendant's admission regarding the applicability of the SOPs to the Warehouse Agreement, the fact that the same were a 'covenant' contained in the Agreement, and how the combined language of sections 3.17(a) and 4.05 apply in light of that admission."  Docket No. 148 at 3.

   Plaintiffs' argument reads too much into defendant's statements.  Defendant's admission that the SOPS were an operating procedure that applied to the packaging of pallet doors is not an admission that the SOPS define the standard of care under the Warehouse Agreement.  As the Court previously found, on the summary judgment record, there was no basis to determine the appropriate standard of care.  Docket No. 140 at 16.  Likewise, defendant's understanding that the SOPS defined how Unique expected the doors to be packaged is not an admission that the SOPS are a "covenant" under the Warehouse Agreement.  Moreover, Section 4.05 incorporates by reference the "current" SOPS that are "set forth on Exhibit D attached hereto," not all SOPS.  Docket No. 105-1 at 9.  Exhibit D to the Warehouse Agreement, which is incorporated,

---

[1] Plaintiffs do not explain how, as a procedural matter, the Court could use a statement in defendant's response as a basis for reconsidering the denial of summary judgment.

[2] Plaintiffs also argue that the language in Section 4.05 relieving NGL from any liability for following the SOPS shows that they are a covenant.  Docket No. 148 at 5.  As the Court noted in its order denying summary judgment, there are several problems with this interpretation, which plaintiff's reconsideration arguments do not resolve.  Docket No. 140 at 13-14.

is blank. *Id*. at 21. Thus, this incorporation by reference does not show that the later-created August 2012 SOPS, which plaintiffs seek to rely on, were a "covenant" contained in the Warehouse Agreement.   Section 3.17 makes no reference to the SOPS, and neither defendant's statement nor Section 4.05 provide a basis to consider the August 2012 SOPS one of the "covenants contained in [the Warehouse] Agreement." *Id*. at 8.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration of Order Denying Motion for Summary Judgment on Contractual Indemnity Claim [Docket No. 142] is **DENIED**.

DATED December 22, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge