IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

    Plaintiffs,

v.

NGL WAREHOUSE, LLC,

    Defendant.

## ORDER

    This matter comes before the Court on Defendant NGL Warehouse LLC's Motion in Limine to Exclude Charles Reed's Testimony Exceeding his Designation as a Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6) [Docket No. 175]. According to NGL Warehouse, LLC ("NGL"), "NGL seeks an Order from this Court precluding Plaintiffs from introducing Mr. Reed's testimony offered in his personal capacity, beyond those topics for which he was designated as a corporate representative." Docket No. 175 at 2.

    Plaintiffs served defendant NGL with a Fed. R. Civ. P. 30(b)(6) deposition notice listing 58 topics. Docket No. 175-1. On November 10, 2015, NGL informed plaintiffs that Charles Reed would testify as NGL's Rule 30(b)(6) witness as to Topics 1-8; 16-17; 18 (without reference to insurance requirements); 20 (without reference to insurance requirements); 22; 24 (without reference to insurance requirements); 33; 37; 39; 47; 48; 49 (as it relates to changes required by Unique Home Designs and THD); 51 (as it

relates to the warehouse); 55; and 56. Docket No. 175-2. NGL claims that, during the deposition, plaintiffs asked Mr. Reed questions on Rule 30(b)(6) topics for which he was not designated. Docket No. 175 at 3. NGL's motion lists portions of Mr. Reed's deposition that NGL believes were outside the scope of the topics for which NGL designated Mr. Reed as NGL's Rule 30(b)(6) deponent. *Id.* at 5-6. NGL claims that the "above-listed testimony is not the corporate testimony of NGL and therefore cannot fairly be presented as such to the jury." *Id.* at 7. NGL does not claim that plaintiffs were precluded from asking Mr. Reed questions in his personal capacity, and NGL made no such objection during the deposition. Rather, it appears that NGL asks the Court to distinguish between answers that Mr. Reed gave in his role as a Rule 30(b)(6) deponent and answers that Mr. Reed gave in his personal capacity so that, when Mr. Reed's deposition is presented to the jury, the jury will not be confused as to what testimony Mr. Reed provided as NGL's corporate representative.

Plaintiffs respond to NGL's motion with two arguments. First, they claim that Mr. Reed is either a "managing agent" under Fed. R. Civ. P. 32(a)(3) or "unavailable" pursuant to Fed. R. Civ. P. 32(a)(4)(B) and, as such, his testimony can be admitted for any purpose.

The Court agrees with NGL that Mr. Reed is not a "managing agent" under Rule 32(a)(3). At the time of his deposition, Mr. Reed had no responsibility or job duties related to the Supply Chain Division, *see* Docket No. 197-1, the division relevant to this case, and therefore is not a managing agent. *See Young & Assoc. Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003); *Stearns v. Paccar,*

*Inc.*, 1993 WL 17084, at *4 (10th Cir. Jan. 22, 1993) (unpublished).  NGL does not respond to plaintiffs' argument that Mr. Reed lives in Atlanta, Georgia and therefore is unavailable under Rule 32(a)(4)(B).  In addition, NGL does not suggest that Mr. Reed will appear at trial.  Because the Court finds that Mr. Reed is unavailable, his deposition may be used "for any purpose" pursuant to Rule 32(a)(4).  That finding, however, does not resolve the motion since the attorneys failed to make any effort during Mr. Reed's deposition to distinguish between his Rule 30(b)(6) testimony and testimony based on his personal knowledge, which could cause jury confusion if his deposition was introduced without differentiating between his two capacities.  The Court therefore turns to plaintiffs' second argument.

Plaintiffs' second argument is that those portions of Mr. Reed's testimony that NGL challenges were, in fact, within the scope of NGL's designation of Mr. Reed and are therefore admissible as Rule 30(b)(6) testimony.  Comparing the challenged testimony to the topics on which NGL identified Mr. Reed as NGL's Rule 30(b)(6) deponent and to the topics to which plaintiffs assert they pertain, the Court rules as follows:

| Page:Line | Ruling |
|---|---|
| 55:8-10 | Outside the scope of Topic 49.  Not a Rule 30(b)(6) question and answer.  Irrelevant. |
| 63:17-25 | Within the scope of Topics 16-18. |
| 64:1-16 | Within the scope of Topics 16-18. |
| 65:2-25 | Within the scope of Topic 18. |
| 66: 1-8 | Within the scope of Topic 18. |

| | |
|---|---|
| 72:22-25 | Within the scope of Topics 17, 18, and 20. |
| 73:1-17 | Within the scope of Topics 17, 18, and 20. |
| 74:2-24 | Relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. |
| 75:1-25 | Relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. |
| 76:1-25 | As to 76:1-3, relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. As to 76:4-25, within the scope of Topic 20. |
| 77:1-25 | Within the scope of Topics 16-18, 20, and 22. |
| 78:1-20 | Outside the scope of the topics identified by plaintiffs. Not a Rule 30(b)(6) question and answer. |
| 82:22-25 | Relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. |
| 83:1-24 | As to 83:1-2, relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. As to 83:3-25, within the scope of Topics 16-18, 20, and 49. |
| 86:3-24 | Within the scope of Topics 16-18. |
| 87:13-17 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |
| 117:20-25 | Relates to Topic 15, for which Mr. Reed was not designated. Outside the scope of other topics and asks for a legal conclusion. May not be used at trial. |
| 143:22-25 | Within the scope of Topic 18. |
| 144:1-5 | Within the scope of Topic 18. |
| 156:24-25 | Within the scope of Topics 18 and 20. |
| 157:1-3 | Within the scope of Topics 18 and 20. |

| | |
|---|---|
| 158:7-12 | Within the scope of Topics 17, 18, and 20. |
| 164:12-19 | Within the scope of Topics 17, 18, and 20. |
| 164:20-25 | Within the scope of Topics 17, 18, and 20. |
| 165:1-9 | Within the scope of Topics 17, 18, and 20. |
| 229:3-9 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |
| 232:23-25 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. Irrelevant. |
| 233:1-25 | As to 233:1-10, outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. Irrelevant. As to 233:11-25, within the scope of Topic 49. |
| 243:4-25 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |
| 244:1-8 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |
| 248:13-16 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |
| 289:5-17 | Outside the scope of the topics identified by plaintiffs in Docket No. 183. Not a Rule 30(b)(6) question and answer. |

In introducing the challenged portions of Mr. Reed's deposition at trial, the parties must distinguish between testimony as a Rule 30(b)(6) deponent and testimony made in his personal capacity, preferably by introducing them in separate blocks.

Wherefore, Defendant NGL Warehouse LLC's Motion in Limine to Exclude Charles Reed's Testimony Exceeding his Designation as a Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6) [Docket No. 175] is granted in part and denied in part.

DATED January 17, 2017.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge