IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

     Plaintiffs,

v.

NGL WAREHOUSE, LLC,

     Defendant.

---

## ORDER

---

This matter comes before the Court on Defendant NGL Warehouse LLC's Motion in Limine to Exclude Improper Testimony by Lay Witness Charles Reed [Docket No. 176], wherein NGL Warehouse, LLC ("NGL") seeks to prevent plaintiffs from introducing certain opinion testimony of witness Charles Reed at trial. On November 16, 2015, Mr. Reed was deposed as a Fed. R. Civ. P. 30(b)(6) witness. NGL claims that, during the deposition, plaintiffs asked Mr. Reed to express his opinions on a number of topics, including the cause of the fatal accident, for which Mr. Reed has no qualifications to express expert opinions. *Id.* at 2. NGL has identified thirteen passages of Mr. Reed's deposition to which it objects on this basis. NGL has also attached a declaration from Mr. Reed stating that, although he was personally involved in a "root cause analysis" of John Valdez's death with the intent of formulating "an opinion as to what may have caused Mr. Valdez's death," he does not have training, education, or experience in

forensic investigation, human factors, or engineering and did not enlist an expert in those fields to conduct such analysis. Docket No. 176-2.

In response, plaintiffs make three arguments. First, they claim that NGL's motion is untimely because the deadline to object to experts was on November 7, 2016, *see* Docket No. 135 at 1, and NGL did not file its motion until December 23, 2016. Plaintiffs' argument is misconceived. As NGL notes, no party designated Mr. Reed as an expert witness. Thus, the deadline for parties to object to expert testimony does not apply to NGL's motion in limine.

Second, plaintiffs argue that "Charles Reed's testimony as a managing agent pursuant to Fed. R. Civ. P. 32(a)(4)[1] and as NGL's Fed. R. Civ. P. 30(b)(6) designee included NGL's admissions regarding the Root Cause Analysis it performed, how that analysis was performed, what was examined and the conclusions NGL reached at the conclusion of that process in 2013." Docket No. 184 at 2. Plaintiffs also contend that "NGL's position and contentions regarding various issues might or might not have been the subject for which an expert could render assistance, but the fact that NGL reached those conclusions and how it arrived at them are matters of corporate knowledge constituting factual testimony and admissions of a party." *Id*. at 2-3. Plaintiffs do not cite any rule of evidence or any case law that makes these alleged admissions admissible, any analysis of why the challenged portions of Mr. Reed's depositions constitute "admissions" not otherwise subject to Fed. R. Evid. 702, or why opinions formed in the course of an internal investigation become "corporate knowledge" or "factual testimony"

---

[1] The Court has already found that Mr. Reed is not a "managing agent" under Rule 32(a)(4). *See* Docket No. 223.

rather than inadmissible expert testimony. The analysis of these issues can be complicated, *see, e.g., Aliotta v. Nat. R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003); *In re Mirena IUD Products Liability Litigation*, --- F. Supp. 3d ----, 2016 WL 4059224, at *7-*12 (S.D.N.Y. July 28, 2016), appeal filed, Aug. 19, 2016, and the Court declines, in the absence of explication or analysis from plaintiffs, to guess as to their reasoning. As a result, the Court finds that plaintiffs fail to show that the challenged portions of the deposition of Mr. Reed are admissions, factual testimony, or corporate knowledge not subject to Rule 702 analysis.

The Court rules as follows as to challenged portions of Mr. Reed's deposition:

| Page:Line | Ruling |
|---|---|
| 58:13-16 | Overruled. Does not require specialized knowledge. Proper Rule 701 testimony. |
| 59:2-25 | Overruled. Does not require specialized knowledge. Proper Rule 701 testimony. |
| 60:10-13 | Overruled. Does not require specialized knowledge. Proper Rule 701 testimony. |
| 161:23-162:11 | As to 161:1-3, overruled. Proper Rule 701 testimony. As to 161:4-11, sustained. Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 198:17-200:12 | Sustained. Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 200:19-201:7 | Sustained. Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 201:24-202:11 | Sustained. Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 226:17-227:1 | Sustained. Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |

| | |
|---|---|
| 227:13-20 | Sustained.  Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 228:12-229:9 | Sustained.  Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 238:22-240:13 | Sustained.  Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 281:25-282:5 | Sustained.  Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |
| 290:17-21 | Sustained.  Calls for specialized knowledge beyond the qualifications and training of the witness to testify as to such opinions. |

Wherefore, Defendant NGL Warehouse LLC's Motion in Limine to Exclude Improper Testimony by Lay Witness Charles Reed [Docket No. 176] is granted in part and denied in part.

DATED January 17, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge